UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
BINGHAMTON DIVISION

| | |
|---|---|
| Cheryl Gill, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| West Asset Management, Inc., | COMPLAINT |
| Defendant. | |

For this Complaint, the Plaintiff, Cheryl Gill, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collections Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

### PARTIES

3. Plaintiff, Cheryl Gill (hereafter "Plaintiff"), is an adult individual residing at 1231 Thomas Avenue, Roanoke, Virginia 24017, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4.     Defendant West Asset Management, Inc. (hereafter "Defendant"), is a Foreign Business Corporation with an address of 1000 Perimeter Road W # 1, Endicott, NY 13760, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5.     The names of the individual collectors are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

6.     Plaintiff incurred a financial obligation that was primarily for family, personal or household purposes, and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7.     Thereafter, the debt was purchased, assigned or transferred to Defendant for collection from Plaintiff.

8.     The Defendant then began attempts to collect this debt from the Plaintiff, which was a "communication" as defined in 15 U.S.C. § 1692a(2).

9.     The Defendant contact the Plaintiff one to two times every day of the week, including weekends.

10.    The Defendant suggested to the Plaintiff that they, the Defendants, could look up the Plaintiff's bank information and routing number in order to facilitate payment.

11.    The Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home and workplace.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692,** *et seq.*

12. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. The Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

14. The Defendant threatened to take action which they cannot legally take, in violation of 15 U.S.C. § 1692e(5).

15. The Defendant employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

16. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

17. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

**INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

3

20.	New York further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated New York state law.

21.	Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with phone calls.

22.	The telephone calls made by Defendant to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to his existence," thus satisfying the *Restatement of Torts, Second,* § 652(b) requirement for an invasion of privacy.

23.	The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

24.	As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

25.	All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## COUNT III
### VIOLATIONS OF N.Y. GEN. BUS. § 601, *et al.*
### PROHIBITED PRACTICES IN DEBT COLLECTION PROCEDURES

26.	Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27.	Plaintiff is a "debtor" and Defendant is a "principal creditor" as defined under the N.Y. Gen. Bus. § 601.

28. Defendant communicated with the debtor at such a time and place and with such frequency as to be considered harassment in violation of N.Y. Gen. Bus. § 601(6).

29. The Defendant threatened to enforce a right against the Plaintiff despite having knowledge that such a right did not exist, in violation of N.Y. Gen. Bus. § 601(8).

30. As a result of Defendant's violations of N.Y. Gen. Bus. § 601, the Plaintiff is entitled to damages.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant.

4. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

5. Punitive damage; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 20, 2009

Respectfully submitted,

By _____

Sergei Lemberg (SL 6331)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (877) 795-3666
Attorneys for Plaintiffs